### H. M. CLARK v. THE STATE.

*No. 3895.    Decided November 18.*

**Theft—Recent Possession—Continuance—New Trial.**—Where defendant was charged with the theft of a steer, branded "Wade," and the questions in the case were both as to the identity and recent possession by defendant of the animal claimed to have been stolen, and defendant applied for a continuance for a witness, by whom he expected to prove that said witness had cattle branded in the same brand and running in the same range as the alleged stolen animal, and that said witness had authorized appellant to gather and sell his stock in that range, *held,* error to refuse defendant's motion for a new trial based upon the absence of such testimony; said testimony being both material and probably true.

APPEAL from the District Court of Jones.    Tried below before Hon. J. V. Cockrell.

Appellant was indicted for the theft of one head of cattle, and upon his trial was convicted, his punishment being assessed at three years and six months in the State penitentiary.

The opinion of the court sufficiently states the facts necessary to an understanding of the rulings.

*Cockrell, Cockrell & Tillett* and *C. P. Woodruff*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

HURT, JUDGE.—This is a conviction for the theft of a steer branded "Wade" on left side, the property of Oran Wade, J. L. Wade, and W. L. Driver.

The appellant sold some cattle to J. M. Dougherty on April 24, 1891, a certain steer branded "Wade" being in the bunch so sold. Dougherty shipped the steer with the other cattle he had bought the next day (April 25) to a pasture in the Indian Nation.  In May following, Tyson saw a brindle steer branded "Wade" on the left side in Dougherty's pasture in the Nation.  The steer was taken without the consent of the owner, and was sold to Dougherty in Jones County.

The above facts constitute the State's case, and the effect of the entire evidence is to establish the fact that appellant was in possession of the steer when he sold it to Dougherty; nothing more.  Conceding that the steer sold to Dougherty was the property of the prosecutor, was appellant's possession recent?  It was, if the animal sold to Dougherty was the same that was seen by the witness Scarborough in the "pocket" in Jones County late in the spring of 1891.  The animal seen by Scarborough was a red or dark steer, branded "Wade" on the left side.  That seen by the witness Tyson in the pasture in the Nation was a brindle steer, branded "Wade" on the left side.  Was this the animal seen by Scarborough?  If so, the possession of appellant was recent; if not, his possession was not recent, and he was not called upon to explain his possession before or when upon trial.

Can we assume that the large three or four-year-old red and dark steer seen by Scarborough was the same animal seen by Tyson, and by this process of reasoning establish recent possession in order to require an explanation?  By no means, because the facts or circumstances which are to be used as the means of arriving at the principal fact sought must be actually proved, and their place can not be supplied by presumption.   The State must prove—not presume—beyond a reasonable doubt that the steer seen by the witness Scarborough was the identical animal sold to Dougherty.   This proof is necessary under the facts of this case to show not only possession but recent possession in appellant.

Again, let us concede that the steer sold to Dougherty was the property of the prosecutor. When did appellant first come into possession of it? How long had he been in possession of it? These are questions of the first importance in this case.

But it may be contended that the theory of the appellant is such that it admits virtually that the steer had been taken up upon the range but a short time before the sale to Dougherty. If this be so, then there was palpable error in refusing a new trial because the continuance was denied.

And again, if the theory of the defense be such as to establish recent possession, the evidence in its support was much stronger in favor of an innocent taking through mistake, he believing the animal to have been the property of the boy, whose given name was Wade, and for whose testimony the case was sought to be continued.

We are of the opinion that the court erred in refusing a new trial on the ground that the evidence upon the trial indicated that the overruling of the application for a continuance was prejudicial to defendant.

*Reversed and remanded.*

White, P. J., absent.